

**NUMBER 13-14-00612-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PEDRO ROJAS,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Pedro Rojas, proceeding pro se, attempts to appeal from an order issued in trial court cause number 12-CR-0410-H in the 347th District Court of Nueces County, Texas.   We dismiss this appeal for lack of jurisdiction.

On December 6, 2012, appellant was convicted of the felony offense of possession of a controlled substance as a habitual felony offender.   The trial court has certified that

this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On March 21, 2014, the trial court issued an order denying appellant's request for habeas relief under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2013 3d C.S.). The Court of Criminal Appeals denied appellant's application for writ of habeas corpus on April 23, 2014. *Ex parte Rojas*, No. WR-71,222-02 (Tex. Crim. App. April 23, 2014). Appellant filed a notice of appeal on October 11, 2014.

On October 22, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response stating he is "stumped as to why it was not timely perfected," that he remembers "placing a motion for writ of habeas corpus sometime in February," and received an answer on March 12, 2014. Appellant requests help to get his appeal back to court.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety

2

days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed twenty-two months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam). The appeal is DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of November, 2014.